Roman Muscata for the Petitioner Cesar Resurrecion. This is an appeal from the Board's decision upholding the immigration judge's decision not granting Petitioner cancellation of removal of a certain lawful permanent resident and not granting 212H a waiver. We would like to distinguish this case from the Alvilio Figueroa v. INS case. In Alvilio, the Petitioner pled guilty to the offense of counterfeiting under 18 U.S.C. 472. This court in that decision in a footnote says Alvilio guilty plea constituted an admission of all the elements of the offense charge. In this case, this was a jury conviction after trial where the respondent was acquitted of two other counts and convicted of transportation of counterfeit securities under 18 U.S.C. 2314. So the issue now is whether transportation of counterfeit securities is related to counterfeiting under section 101A43R of the Immigration and Nationality Act. We feel that it's not under that. In fact, the immigration judge says that INA 101A43R does not define what is related to nor does it include the specific crime of transportation of counterfeit securities. Now the immigration judge did a categorical approach and went into the and had intent to defraud. There is also evidence, though, before the immigration judge that the petitioner in this case has always maintained his innocence, that he has no knowledge of the falsity or fictitiousness of the instrument and had no intent to deceive. He was transporting six checks from Germany to Boston en route to Los Angeles. In the face of these factual situations, we feel that the court should go into a modified categorical approach and look into the other documents of conviction. Did the agency look at the modified categorical approach in the first instance, the BIA? Did the BIA analyze the modified categorical approach? No, Your Honor. It did a one paragraph per current decision. Okay. So if we were to agree with you, just for the sake of this question, if we were to agree with you that the categorical approach does not support the government's position, wouldn't we have to remand under Ventura and Thomas? Yes. In fact, in our brief, we asked for a remand. So I guess what I'm wondering is whether we would ever get to the modified categorical approach ourselves in the first instance. No, it has to be a remand, Your Honor, because the immigration judge and the board do not go into a modified categorical approach. Well, if we do remand, does that reopen everything? Because if we looked at the modified categorical approach right now, it seems to me we'd probably, again, I'm speaking for myself, probably have to grant the petition because the evidence is very skimpy here. Does the government now get a chance on remand to put in all the evidence for the modified that it didn't before? We are asking, in fact, that just the judge do a modified categorical approach. We have so many evidence on file, and it's just a matter for the judge to determine whether, in fact, there is. Yeah, but my question to you is, does it reopen the record? In other words, can the government now come in with the evidence which it failed to produce when the matter was in front of the I.J.? No, Your Honor, we are asking, yes, for the judge, immigration judge, to do. I know what you're asking for. My question is, is it clear? Is it a matter of law that the record is frozen, or does the government get a second bite at the apple? I'm not too sure about that, but the government, obviously, having been practicing in immigration court, the government will try to put in all evidence, but they already have. They have submitted all the documents for conviction, and, in fact, it's in the administrative record. The court just simply did not go into those two issues. We asked them, we asked the immigration judge, but did not go into the issue. It just went into the categorical approach. All right. Do you want to reserve your time? Yes, Your Honor. Let's hear from the government. What about the second bite of the apple issue we were just discussing a minute ago? What's your view on that? Well, first may it please the court, Kristen Edison on behalf of the Attorney General. Could you speak up just a little bit? Certainly. Would you like me to repeat that? Did you hear? Okay. With regard to your question, Your Honor, it's the government's position that petitioner's conviction is categorically an offense relating to counterfeiting. Well, we understand that, counsel. The question from Judge Gibson was, what about this question of does the, if we were to remand for a modified categorical to be done in the first instance as opposed to be done by us, does that reopen the record? Does the government get a chance to put in evidence that it did not put in the first time around? Well, let me just first explain that the court first employs the categorical approach and it examines the statutory language to determine whether the conviction is broader than Well, I'll let you go there, counsel, provided that you promise to answer the question you've been asked twice now. I will, Your Honor. I have a question about that because if you look at it, just on your argument, if you look at Section 2314, it begins by making it a violation just to transport stolen property or goods. So that might or might not have anything to do with counterfeiting. Well, Your Honor, as pointed out in the brief, Petitioner has specified in his pleadings before the Immigration Court that he was convicted under Paragraph 3 of 2314. But isn't that already into the modified categorical approach? In other words, the categorical approach just looks at the statute. Okay. So I guess I don't understand why that would even be categorical. Your Honor, it's the government's position that this court has read the phrase relating to broadly and all of the language in Paragraph 3 would be relating to counterfeiting. Well, no, I didn't make my question clear. I don't understand why we would be allowed to just look at Paragraph 3 of the statute in a categorical approach. Don't we have to look at the entire section? It's not even separately numbered. It's just one big section. I believe that under the categorical approach, the court has said that it looks to the statute of conviction. But here, it doesn't appear to be disputed that Petitioner was convicted under this particular paragraph. In any event, under the modified categorical approach, the court would be permitted to look at only a limited number of documents. That would be the judgment, the transcript of the plea proceedings, jury instructions, et cetera. And in this record, there's only the judgment of conviction. And that document doesn't provide any extra evidence. Before the government loses, right? Your Honor, it's the government's position that the board properly concluded that this was relating to counterfeiting. We understand the government's position, I think, quite well. The problem that we've got is that assuming, just for the sake of discussion, let's indulge the panel for just a minute. Assuming we have to do a modified categorical, the choice is whether we do it here or the I.J. does it. Assuming that we look to Ventura to get the inference that we have to send to the I.J. when we do that, can the government then rely on other documents than the judgment? I don't think so, Your Honor, because it's a bedrock principle that the agency and will the courts look at the record that was before the agency and And also we have the Kawashima case, which JoJo Scanlon authored, which said the government doesn't give a second bite at the apple. Just because something is to be reconsidered doesn't necessarily mean the record is reopened. So regardless of whether we look at it or we send it to the agency, is it clear from these documents under a modified approach that this is a crime relating to counterfeiting? As I pointed out, there are no other documents in the record that the court can look to other than the judgment of conviction under the modified categorical approach. And the judgment in this case only states that Petitioner was convicted under Section 2314. So that doesn't aid the court. Right. Mainly, however, let me just back up. It does say transportation of counterfeited securities, though, on the judgment. Right? Right, Your Honor. That's the label that is used. Can we look, can we Because the label of the statute is stolen property, is transportation of stolen goods, and so would that be part of the description of the crime? I'm asking. I really don't know the answer to that. Well, the full title is transportation of stolen goods, securities, monies, fraudulence, state tax stamps, or articles used in counterfeiting. Correct. But in the judgment, I'm looking at page 275, The judgment says, after the title and section, transportation of counterfeited securities. That's more specific than the name of the crime as a whole. Is that a sufficient description of the nature of the offense to get within the general definition? Yes, Your Honor. As a matter of law, we can look to the label that is put on the judgment order? Or the judgment document? I thought we had to be confined to what's in the statute. That is correct, Your Honor. I apologize if I misspoke. The court looks at the language of the statute. So we can't, in terms of Unless we were doing the modified, my question was about the modified categorical approach. Yeah. And that's what we're trying to divine here. Your Honor, I'd be happy to submit a statement just to further explain that position. If that's permissible with the court. But I also will ask What is your position in response to Judge Graber's question? Can we look at the label that's in the judgment or not? I'm not sure, Your Honor. All right. I'd be happy to. But I did want to point out that Petitioner hasn't raised any of these arguments. In the opening brief, there's no argument with regard to whether the categorical or the modified whether the court, whether the use of the categorical approach was error. Petitioner's only argument in the opening brief, therefore the only argument before the court, is whether he didn't know that the securities he possessed were not genuine. And as pointed out in the brief, that argument is meritless because his conviction became final when it was confirmed, pardon me, when it was affirmed by the First Circuit. And in any event, due to Petitioner's status as a criminal alien, this court's jurisdiction is limited to constitutional claims or questions of law. And whether Petitioner had the requisite knowledge is a factual as opposed to a legal question. Anything further? No, just that. Thank you, Counsel. We'll hear from Mr. Mosqueda. We have some reserved time. Under the Taylor categorical approach, the court has only to look at the statute itself. It cannot go into the judgment. If it goes into the judgment, it would be a modified categorical approach. We did raise this issue when we maintained in our brief that there's an issue of whether the defendant knew and had intent to defraud, that's why we had asked also for a remand. So it's not true that we have not asked for that. Also, whether this particular conviction under 18 U.S.C. 2314 relates to counterfeit under 101A43R is a question of law, which this court has a right to have a de novo review. Thank you. Thank you, Counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Graber, Gibson